IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EUGENIA BARRIOS | § § | |
| PLAINTIFF, | § § | |
| V. | § § | CIVIL ACTION NO. 2:18-CV-7589 |
| MILLICOM AMERICAS, LLC D/B/A TIGO | § § § § | |
| DEFENDANT. | § § § | |

## NOTICE OF REMOVAL

Defendant Millicom Americas, LLC ("Millicom"), incorrectly named as "Millicom Americas, LLC d/b/a Tigo" files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1332(d), 1367 and 1441 and hereby removes this action to the United States District Court for the Eastern District of Louisiana from the Civil District Court for the Parish of Orleans, Louisiana. This Court has original jurisdiction over this action pursuant to federal question jurisdiction and the Class Action Fairness Act ("CAFA").[1] In further support of the grounds for this removal, Millicom states:

I.  BACKGROUND AND PROCEDURAL HISTORY

1. On or about May 7, 2018, Plaintiff Eugenia Barrios ("Plaintiff") filed a civil action against Millicom in the Civil District Court for the Parish of Orleans styled *Eugenia Barrios versus Millicom Americas, LLC d/b/a Tigo*, Case Number 2018-04462. Plaintiff seeks recovery from Millicom for alleged violations of the Telephone Consumer Protection Act, 47

---

[1] Millicom does not consent to this Court's exercise of personal jurisdiction over it. Millicom intends to move to dismiss for lack of personal jurisdiction. Removal of the action to federal court does not constitute a waiver of an objection to personal jurisdiction.

U.S.C. § 227 *et seq.* ("TCPA") and the Louisiana Unfair Trade Practices and Consumer Protection Law, LA. R.S. 51:1401 *et seq.* ("UTP"). A true and correct copy of Plaintiff's Petition is included in the documents attached as **Exhibit A** to this filing.

2. Plaintiff's claims arise from her alleged receipt of text messages she asserts were sent by Millicom. Plaintiff alleges that the text messages were unsolicited advertisements sent via an automated telephone dialing system.

3. Plaintiff purports to bring her claims not only on her own behalf, but on behalf of a putative class. (Pl.'s Pet. at ¶ XII.)

4. As of the date of the filing of this Notice of Removal, Plaintiff has not filed an affidavit of service in the Civil District Court for the Parish of Orleans, Louisiana.

5. As set forth below, this action satisfies all of the requirements for removal under CAFA.

## II.  THE PARTIES

6. Upon information and belief, Plaintiff is a citizen of Louisiana.

7. Millicom Americas, LLC is a limited liability company organized under the laws of the state of Florida. "[T]he citizenship of an LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Circ. 2008) (); 28 U.S.C. § 1332(c).

8. Millicom Americas, LLC's sole member is Millicom USA Holdings LLC, also a limited liability company organized under the laws of the state of Florida.

9. The sole member of Millicom USA Holdings LLC is Millicom International Cellular S.A., a corporation organized under the laws of Luxembourg, with its principal place of business there. For purposes of diversity jurisdiction, Millicom International Cellular S.A. is a citizen of Luxembourg. See 28 U.S.C. § 1332(c).

10. Thus, for purposes of diversity jurisdiction, Millicom Americas, LLC is a citizen of Luxembourg.

### III. THE COURT HAS JURISDICTION UNDER 28 U.S.C. §§ 1331 AND 1367

11. This Court has subject matter jurisdiction over Plaintiff's TCPA claim based on federal question jurisdiction.

12. Plaintiff asserts a claim under the TCPA, and "[t]he TCPA claim in plaintiff's complaint plainly presents … a federal question." *Reese v. Marketron Broad. Sols., Inc.*, C.A. No. 18-1982, 2018 U.S. Dist. LEXIS 77319, at *4 (E.D. La. May 8, 2018) (citing *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377 (2012)).

13. In light of the Court's federal question jurisdiction, the Court can exercise supplemental jurisdiction over Plaintiff's UTP claim. Plaintiff's TCPA and UTP claims arise out of the same alleged conduct. Thus, the UTP claim is "so related to [the TCPA claim] that [it] form[s] part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.

### IV. THE COURT HAS JURISDICTION UNDER 28 U.S.C. § 1332(d)

14. This Court has subject matter jurisdiction over Plaintiff's claims under CAFA.

15. Jurisdiction exists under CAFA if the litigation is a "class action" as defined by CAFA, "the amount in controversy exceeds the sum or value or $5,000,000," and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

#### A. This Litigation Is a "Class Action" Under CAFA

16. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing

an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

17. In her Petition, Plaintiff specifically alleges that she "makes this claim on behalf of all similarly situated consumers who have received Defendant's text message advertisements." (Pl.'s Pet. at ¶ XII.)

18. Plaintiff "seeks for herself and all consumers all statutory damages, including treble damages, available under [the TCPA]." (Pl.'s Pet. at ¶ XIII.)

19. Plaintiff alleges that "collective action treatment of [consumers'] claims is the superior and appropriate means for resolving their disputes with Defendant." (Pl.'s Pet. at ¶ XII.)

20. Actions seeking class treatment under La. C.C.P. arts. 591 and 592 are "class actions" for purposes of CAFA. *See In re Eagle U S 2 LLC*, C.A. No. 2:15-cv-00671, 2015 U.S. Dist. LEXIS 101994, *666 (W.D. La. July 27, 2015) (recognizing invocation of claims made in a representative capacity on behalf of a class, Federal Rule of Civil Procedure 23, and/or La. C.C.P. arts. 591 and 592 as statutory requirements of CAFA).

B.  **Plaintiff's Claims Meet CAFA's Jurisdictional Minimum.**

21. In order for original jurisdiction to exist under CAFA, "the matter in controversy [must] exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

22. In its notice of removal, Millicom "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Ownes*, 135 S. Ct. 547, 554 (2014). Only if "plaintiff[s] contest[], or the court questions, the defendant's allegations" must Millicom proffer evidence to show that the jurisdictional minimum is satisfied. *Id*.

23. Plaintiff alleges that Defendant's "practice of sending text message advertisements to consumers is far-ranging and Defendant has sent thousands of such text message advertisements to thousands of consumers." (Pl.'s Pet. at ¶ X.)

24. Plaintiff also makes a claim against Millicom for violations of Louisiana's Unfair Trade Practices and Consumer Protection Law, LA. R.S. 51:1401 *et seq*. (Pl.'s Pet. at ¶ XIV.)

25. The TCPA provides for a $500 statutory penalty for each violation of the statute, and $1,500 in statutory damages for willful violations. *See* 47 U.S.C. § 227.

26. Based on Plaintiff's own allegations that thousands of texts to thousands of consumers are potentially at issue in this case, it is more than plausible that the aggregate amount in controversy exceeds $5,000,000.

27. The demand for treble damages increases the amount in controversy to far more than $5,000,000, satisfying CAFA's jurisdictional minimum.

    C.    **The Parties Satisfy the Minimum Diversity Requirements.**

28. As explained above, Millicom is, for purposes of diversity jurisdiction, a citizen of Luxembourg.

29. Upon information and belief, Plaintiff is a citizen of Louisiana.

30. Thus, this action satisfies the requirement of 28 U.S.C. § 1332(d)(2) that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

V.    **REMOVAL IS PROPER**

31. The Petition is removable. Millicom received a copy of the Petition by mail on or about July 14, 2018. Thus, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(3).

32. The United States District Court for the Eastern District of Louisiana is the federal judicial district embracing the Civil District Court for the Parish of Orleans, Louisiana, where the Petition was originally filed. Venue is therefore proper in this Court under 28 U.S.C. § 1441(a).

33. This Court has subject matter jurisdiction pursuant to 28 U.S. C. §§ 1331, 1367 and 1332(d), and removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

34. Millicom attaches a copy of all process, pleadings, and orders served upon it in accordance with 28 U.S.C. § 1446(a) as Exhibit A.

35. Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that the Notice of Removal will be served promptly on Plaintiff and will be filed with the Clerk of the Court of the Civil District Court for the Parish of Orleans, Louisiana.

WHEREFORE, Millicom hereby removes this Action from the Civil District Court for the Parish of Orleans, Louisiana, pursuant to 28 U.S.C. §§ 1331, 1332, 1367 and 1441.

DATED:   August 10, 2018          Respectfully Submitted,

**MG+M LAW FIRM**

*/s/ Brandie M. Thibodeaux*
Christopher O. Massenburg (LSBA No. 26989)
Glenn L. M. Swetman (LSBA No. 21904)
Brandie M. Thibodeaux (LSBA No. 29344)
B. Adam Hays (LSBA No. 30255)
Jeanette S. Riggins (LSBA No. 27056)
David R. Frohn (LSBA No. 5758)
Natasha A. Corb (LSBA No. 35720)
Meghan B. Senter (LSBA No. 34088)
Helen M. Buckley (LSBA No. 37614)
Adam D. Whitworth (LSBA No. 34149)

>One Canal Place
>365 Canal Street, Suite 3000
>New Orleans, Louisiana 70130
>Phone: (504) 535-2880
>Fax:     (504) 535-2886
>Website: www.mgmlaw.com
>Email: bthibodeaux@mgmlaw.com
>
>*Counsel for Millicom Americas LLC*

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court's CM/ECF system and a copy sent to all counsel of record via mail, fax, and/or email on the 10th day of August 2018.

>*/s/ Brandie M. Thibodeaux*
>**Brandie M. Thibodeaux**