IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EUGENIA BARRIOS, on behalf of herself and other persons similarly situated, | CIVIL ACTION NO. 18-7589 |
| Plaintiff, | JUDGE |
| v. | IVAN L.R. LEMELLE |
| MILLICOM AMERICAS, LLC, D/B/A TIGO, | MAG. JUDGE MICHAEL NORTH |
| Defendant. | |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Eugenia Barrios brings her first amended class action complaint and demand for jury trial against Millicom International Services LLC to stop its practice of sending unwanted text messages to the cellular telephones of consumers, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1. Defendant Millicom International Services LLC does business under the commercial brand name "Tigo".

2. Defendant is also the company behind "Tigo USA", a service that allows consumers residing in the United States to contact relatives in Bolivia, Columbia, El Salvador, Honduras, or Guatemala through pre-paid calling cards, or "Tigo Prepaid Cards."

3. Defendant distributes Tigo Prepaid Cards for purchase at points of sale throughout the United States, including the state of Louisiana.

4. Consumers who purchase Tigo Prepaid Cards receive telemarketing and/or advertising text messages from Defendant on their cellular telephones.

5. Defendant does not obtain prior consent, written or oral, to send text messages to consumers.

6. As a result, Defendant repeatedly violates the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

7. The TCPA was enacted to protect consumers from unwanted calls exactly like the messages alleged in this complaint. Defendant sends these text messages despite the fact that neither Plaintiff or the other members of the putative Class (defined below) provide prior express written consent to receive them.

8. As a result, Plaintiff, on behalf of herself and the putative Class, seeks an injunction requiring Defendant to cease all unlawful text messaging activities alleged in this Complaint, and an award of statutory damages to Plaintiff and the Class for each such violation, together with costs and reasonable attorneys' fees.

## PARTIES

9. Plaintiff is a natural person and resident of the State of Louisiana.

10. Defendant Millicom International Services, LLC is a for-profit corporation doing business in Louisiana.

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 for Plaintiff's claims arising under 47 U.S.C. § 227, *et seq*.

12. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1441(a) because the damages sustained by Plaintiff occurred in this District.

## FACTUAL ALLEGATIONS

13. Ms. Eugenia Barrios purchased a Tigo Prepaid Card from Ideal Market, a Latino supermarket chain, at 250 South Broad Avenue, New Orleans, LA 70119. In order to use the Tigo Prepaid Card, Ms. Barrios gave Defendant her cellular phone number ending in "-0283" (0283 number).

14. On or about October 14, 2016 at approximately 12:25 p.m. Central Standard Time (CST), Ms. Barrios received the following text message at the 0283 number from Defendant's 5-digit short message service (SMS) number "48446":

> Hoy Viernes 14, 3X Saldo a TIGO
> GUATE! CONSULTAS GRATIS
> 1-855-844-6887. Descarga Tigo
> App con $1 Gratis: http://onelink.to/
> jghvyp. STOP= Cancelar

15. On or about October 20, 2016 at approximately 3:08 p.m. CST, Plaintiff received the following text message from "48446" at her 0283 number:

> Recuerda con los tuyos en
> GUATEMALA el dia de la
> Revolucion, Descarga Tigo Intl App
> HOY y recibe 5 minutos GRATIS
> para llamarlos: http://onelink.to/
> jghvyp STOP=CANCELAR

16. On or about November 15, 2016 at approximately 10:01 a.m. CST, Plaintiff received the following text message from "48446" at her 0283 number:

> Hoy 15, 3X saldo en Recargas TIGO
> GUATE! Registrate: http://tgo.gt/03
> Y recibe min GRATIS para llamar a
> Guate! Descarga App http://onelink.to/jghvyp
> STOP=CANCEL

17. On or about November 30, 2016 at approximately 5:12 p.m. CST, Plaintiff received

3

the following text message from "48446" at her 0283 number:

> Tigo: Hoy Nov 30,Tigo Guate ofrece
> 3X SALDO en recargas que envia
> Por la App. Descarga http://
> onelink.to/jghvyp y recibes $1
> GRATIS!1866-870-0005
> STOP=CANCEL

18. On or about January 4, 2017 at approximately 01:36 p.m. CST, Plaintiff received the following text message from "48446" at her 0273 number:

> En serio vas a dejar perder el $1
> GRATIS que te da Tigo Internacional
> App? Llama a tus seres queridos
> Hoy! 1866-870-0005

19. Plaintiff received other text messages from Defendant with the same or substantially similar generic advertising content as to the messages described above.

20. None of the text messages Plaintiff received addressed her by name.

21. All of the text messages Plaintiff received from Defendant were sent using a 5-digit SMS number.

22. Defendant sent Plaintiff text messages using third party software provided by ClearLine Mobile. This software had the capacity to store and produce cellular telephone numbers using a random number generator and dial those numbers without human intervention. As such, the software qualifies as automatic telephone dialing system (ATDS) pursuant 47 U.S.C § 227(a)(1).

23. Prior to receiving the above-described text messages, Plaintiff was not informed orally or in writing that she would receive telemarketing and/or advertising text messages on her cellular phone from Defendant using an ATDS. Consequently, Defendant never obtained the

4

requisite consent to send Plaintiff text messages.

24. The text messages alleged herein constitute telemarketing and/or advertising because they were sent for the purpose of encouraging the purchase of Defendant's services and advertised the commercial availability or quality of those services. Specifically, Defendant's text messages encouraged Plaintiff to use their services by offering free minutes or $1 off purchases for downloading their mobile app.

25. Defendant used the ClearLine Mobile software to send the exact same (or substantially similar) text messages to Plaintiff and all other members of the putative Class.

26. Defendants did not obtain prior express written consent from Plaintiff or Class members to send the above-described text messages to their cellular telephones.

27. Plaintiff and Class members suffered injuries in the form of invasion of privacy, nuisance, aggravation, the diminished value and utility of their telephone equipment and telephone subscription service (i.e. the value of such equipment and services is higher when unencumbered by repeated and harassing text messages), the amount of time lost answering and fielding unwanted text messages, the wear and tear on their telephone equipment, the loss of battery (which becomes diminished with each incoming phone call), the loss of battery life (which has a finite number of charging cycles), and electricity costs required to recharge their cellular phones.

28. The text messages alleged herein were exclusively made by, or on behalf of Defendant.

29. Defendant was and is aware that they were making the above-described text message calls on a widespread basis to consumers who had not provided prior express written consent to receive them.

5

## CLASS ACTION ALLEGATIONS

30. **Class Definitions:** Plaintiff Eugenia Barrios brings this action on behalf of herself and a class defined as follows:

> **Class:** All individuals in the United States whose cellular telephone number, from Defendant, or someone on Defendant's behalf, received telemarketing and/or advertising text messages.

Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

31. **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has sent text messages to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

32. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    Whether Defendant's conduct violated the TCPA;

    (b)    Whether Defendant sent text messages using an ATDS, as contemplated by the TCPA and its implementing regulations;

    (c)    Whether Defendant sent telemarketing and/or advertising text messages without prior express written consent to Class members;

    (d)    Whether Plaintiff and the members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

33. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text message calls.

34. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff's claims are representative of the claims of the other members of the Class. That is, Plaintiff and the Class members sustained damages as a result of Defendant's conduct and received substantially the same text messages. Plaintiff also has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Class.

35. **Appropriateness:** This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole,

thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

36. Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

## CAUSE OF ACTION
### (Willful and Knowing Violation of 47 U.S.C. § 227, et seq. – Telephone Consumer Protection Act)
### (on behalf of Plaintiff and the Class)

37. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

38. Defendant made unwanted, unsolicited text message calls to Plaintiff and the Class members' cellular telephones without their prior express written consent.

39. Defendant sent these text messages to Plaintiff and the Class' cellular telephone numbers using equipment with the ability to store or produce cellular telephone numbers to be called using a random or sequential number generator and to dial such numbers without human

intervention.

40. The equipment used by Defendant to send text messages to Plaintiff and Class' cellular telephone numbers qualifies as an ATDS as defined by 47 C.F.R. § 64.1200(f)(2) and 47 U.S.C. § 227(a)(1).

41. By sending the text messages to Plaintiff and members of the Class' cellular telephones without prior express written consent using an ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

42. As a result of Defendant's unlawful conduct, Plaintiff and the members of the putative Class suffered actual damages and also have had their rights to privacy adversely impacted. Plaintiff and the Class are therefore entitled to, among other things, a minimum of $500 in statutory damages for each such violation under 47 U.S.C. § 227(b)(3)(B).

43. Because Defendant's misconduct was willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the putative Class.

44. Alternatively, because Defendant's misconduct was negligent, the Court should, pursuant to 47 U.S.C. § 227(b)(3), award statutory damages recoverable by Plaintiff and the other members of the putative Class.

45. Additionally, as a result of Defendant's unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A) to ensure that Defendant's violations of the TCPA do not continue into the future,

## RELIEF REQUESTED

WHEREFORE, Plaintiff Eugenia Barrios, individually and on behalf of the Class, prays for the following relief:

(a) An order certifying this case as a class action, appointing Plaintiff Eugenia Barrios as Class Representative and her attorneys as Class Counsel;

(b) Enter a judgment in favor of Plaintiff and the proposed class for all damages available under the TCPA, including $500.00 per violation and up to $1,500.00 per violation if Defendant willfully violated the TCPA;

(c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

(d) A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

(e) An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of their unlawful telephone calling practices;

(f) An injunction requiring Defendant to cease all unsolicited text message activities, and otherwise protecting the interests of the Class;

(g) Award Plaintiff and the class all expenses of this action, and requiring Defendant to pay the costs and expenses of class notice and claims administration;

(h) Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted:*

*/s/ Jonathan Mille Kirkland*
BEAUMONT COSTALES LLC
Roberto Luis Costales (#33696)
William H. Beaumont (#33005)
Jonathan Mille Kirkland (#37937)
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
*jmk@beaumontcostales.com*

*Attorneys for Plaintiff*